UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br><br>**FIRST TO THE FINISH KIM AND MIKE VIANO SPORTS INC.**,<br><br>DEBTOR. | CHAPTER 11<br><br>CASE NO. 20-30955 |
| MICHAEL E. COLLINS, in his capacity as Chapter 11 Trustee of FIRST TO THE FINISH KIM AND MIKE VIANO SPORTS INC.,<br><br>PLAINTIFF,<br><br>v.<br><br>NIKE USA, INC. and<br>AM SACCULLO LEGAL, LLC,<br><br>DEFENDANTS. | ADVERSARY PROCEEDING<br><br>NO. 22-_____ |

**COMPLAINT TO (I) DETERMINE VALIDITY, PRIORITY AND EXTENT OF LIEN, (II) AVOID AND RECOVER PREFERENTIAL TRANSFERS AND POST-PETITION TRANSFER, AND (III) DISALLOW PROOF OF CLAIM**

Comes now, Michael E. Collins, in his capacity as the chapter 11 trustee of the Debtor (the "Trustee"), by and through his counsel, and hereby submits this *Complaint to (I) Determine Validity, Priority and Extent of Lien, (II) Avoid and Recover Preferential Transfers and Post-Petition Transfer, and (III) Disallow Proof of Claim* (the "Complaint") against Nike USA, Inc. ("Nike") and AM Saccullo Legal, LLC ("Saccullo")(Nike and Saccullo, collectively, the "Defendants").

## THE PARTIES

1. On October 7, 2020 (the "Petition Date), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§

1

101-1531 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Illinois (the "Court").

2. On May 19, 2021, CNB Bank & Trust, N.A. ("CNB") filed the *Emergency Motion of CNB Bank & Trust, N.A. pursuant to 11 U.S.C. § 1104(a) and Fed. R. Bankr. P. 2007.1 for the Appointment of a Chapter 11 Trustee* (the "Trustee Motion"). [Dkt Entry No. 134]. Nike USA, Inc. filed a joinder to the Trustee Motion. [Dkt Entry No. 137].

3. On May 20, 2021, the Court granted the Trustee Motion pursuant to the *Order for Appointment of Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(a) and Fed. R. Bankr. P. 2007.1*. [Dkt Entry No. 139].

4. On June 15, 2021, the Court entered the *Order Approving Appointment of Chapter 11 Trustee* [Dkt Entry No. 156], which approved the appointment of Michael E. Collins as chapter 11 trustee (the "Trustee"). The Trustee remains serving as chapter 11 trustee of the Debtor and the Debtor's bankruptcy estate (the "Estate").

5. The Debtor is a corporation organized under the law of the State of Illinois with a registered office in Carlinville, Illinois.

6. Upon information and belief, Nike is an Oregon corporation with corporate headquarters and principal place of business at Beaverton, Oregon.

7. Upon information and belief, Saccullo is a Delaware limited liability company with principal offices in Bear, Delaware.

**JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY**

8. The Court has jurisdiction to consider this adversary proceeding pursuant to 28 U.S.C. § 1334.

9. This adversary proceeding is commenced pursuant to Federal Rule of Bankruptcy

Procedure 7001(1) and (2), and it is a core proceeding under 28 U.S.C. § 157(b)(2).[1]

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The Trustee consents to the entry of a final judgment or order with respect to the Adversary Proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## SUMMARY OF THE COMPLAINT

12. Nike's alleged lien on the Collateral should be disallowed pursuant to 11 U.S.C. § 506 because Nike's alleged lien is junior to other liens that exceed the value of the Collateral such that there is no value in the Collateral to which Nike's alleged lien can attach.

13. Nike's counsel, AM Saccullo Legal, LLC, received an unauthorized post-petition payment from the Debtor of $200,000 on January 7, 2020, after the Petition Date, intended for the benefit of Nike. The payment originated from the trust account of Debtor's court-appointed counsel and was not authorized by the Court. That payment is avoidable pursuant to Section 549 of the Bankruptcy Code and is recoverable by the estate pursuant to Section 551 of the Bankruptcy Code.

14. The Trustee seeks disallowance of Nike's Proof of Claim pursuant to Sections 502 of the Bankruptcy Code. Specifically, Nike received preferential payments from the Debtor in the total amount of not less than $99,244.56 during the 90-days prior to the Petition Date and received the afore-mentioned unauthorized post-petition transfer. Accordingly, the Trustee seeks disallowance of Nike's Proof of Claim under Section 502(d) to the extent that Nike fails to re-pay the avoided or avoidable transfers to the estate. Additionally, Nike has not provided an accounting for how its claim has been calculated and, accordingly, the Trustee seeks disallowance of such claim until such accounting is provided.

---

[1] When an objection to a proof of claim is coupled with an adversary proceeding, the action should proceed as an adversary proceeding. *See* Advisory Committee Note to Fed. R. Bankr. P. 7001.

**BACKGROUND**

15. During the 90-day period immediately preceding the Petition Date, the Debtor made payments to Nike totaling $99,244.56 on antecedent debts. Also, during the 90-day period immediately preceding the Petition Date, the Debtor made additional payments to Nike totaling $93,138.00 for merchandise that was possibly subsequently provided by Nike (although the Trustee has not yet confirmed this). The total paid to Nike by the Debtor during the 90-day period preceding the Petition Date was 192,382.56 (the "Preferential Transfers"). Most, if not all, of the Preferential Transfers made by the Debtor to Nike were on account of antecedent debts owing to Nike and allowed Nike to receive more than Nike would receive if this Bankruptcy Case were a case under Chapter 7 of the Bankruptcy Code and had the Preferential Transfers not been made. A listing of the Preferential Transfers is attached as **Exhibit A**.

16. On or about January 7, 2021, Nike's legal counsel, Saccullo, accepted payment of $200,000 (the "Post-Petition Transfer") from the trust account of Carmody MacDonald, P.C., court-approved counsel for the Debtor-in-Possession for payment on the Nike Claim. A true and correct copy of the CASS Commercial Bank Advice of Debit evidencing the Post-Petition Transfer is attached as **Exhibit B**. Neither the Debtor, Carmody MacDonald, P.C., nor Nike obtained Court approval or authorization for the Post-Petition Transfer.

17. On March 1, 2021, Nike filed a proof of claim against the Debtor asserting a claim in the amount of $913,907.00 (the "Nike Claim"). [Proof of Claim No. 21]. Upon information and belief, the Nike Claim does not reflect the Post-Petition Transfer.

18. Nike asserts that the Nike Claim is secured by the Debtor's inventory, accounts receivable, furniture, fixtures, equipment, and general intangibles (the "Collateral").

19. The Nike Claim, to the extent secured, was perfected by a UCC-1 Financing Statement that was filed with the Illinois Secretary of State on January 18, 2020 (the "Nike

Financing Statement"). A true and correct copy of the Nike Financing Statement is attached as **Exhibit C**.

20. On February 24, 2021, Bank of Springfield filed three proofs of claim against the Debtor asserting a total claim in the amount of $3,210,499.50 (the "BOS Claim"). [Proofs of Claim Nos. 18, 19 and 20].

21. As of November 27, 2022, the BOS Claim is in excess of $3.7 million.

22. The BOS Claim is secured by the Collateral and is perfected by a UCC-1 Financing Statement filed with the Illinois Secretary of State on June 26, 2019 (the "BOS Financing Statement"). A true and correct copy of the BOS Financing Statement is attached as **Exhibit D**. The BOS Financing Statement was filed prior to the filing of the Nike Financing Statement.

23. The value of the Collateral is less than the amount of the BOS Claim.

24. The Debtor was insolvent at all relevant times.

**COUNT I – DISALLOWANCE OF NIKE'S ALLEGED SECURED CLAIM PURSUANT TO 11 U.S.C. § 506**

25. The Trustee incorporates all the preceding paragraphs of this Complaint by reference.

26. The Nike Claim should be disallowed as a secured claim because, as a result of the BOS Claim and the value of the Collateral, the value of Nike's interest in the Collateral is zero.

27. Accordingly, the Nike Claim should be disallowed as a secured claim and only allowed, if at all, as a general unsecured claim pursuant to Section 506 of the Bankruptcy Code.

**COUNT II – DISALLOWANCE OF NIKE'S CLAIM FOR LACK OF DOCUMENTATION**

28. The Trustee incorporates all the preceding paragraphs of this Complaint by reference.

29. The Nike Claim is not supported by documentation showing that the Nike Claim is correctly stated in an amount actually owed by the Debtor.

30. Accordingly, the Nike Claim should be disallowed pursuant to Section 502 of the Bankruptcy Code.

4886-9978-5279, v. 1

### COUNT III – AVOIDANCE OF THE POST-PETITION TRANSFER PURSUANT TO 11 U.S.C. § 549(a)

31. The Trustee incorporates all the preceding paragraphs of this Complaint by reference.

32. Pursuant to 11 U.S.C. § 549(a), a trustee may avoid a post-petition transfer that is not authorized by the Bankruptcy Code or the bankruptcy court.

33. The Post-Petition Transfer was made by the Debtor from property of the estate after the Petition Date.

34. The Post-Petition Transfer was not authorized by any provision of the Bankruptcy Code or any order issued by this Court.

35. Accordingly, the Post-Petition Transfer is avoidable pursuant to 11 U.S.C. § 549(a).

### COUNT IV – RECOVERY OF THE POST-PETITION TRANSFER FROM SACCULLO PURSUANT TO 11 U.S.C. § 550(a)(1)

36. The Trustee incorporates all the preceding paragraphs of this Complaint by reference.

37. A transfer avoided under 11 U.S.C. § 549 is recoverable from the initial transferee pursuant to 11 U.S.C. § 550(a)(1).

38. The Post-Petition Transfer is avoided pursuant to Count III.

39. Saccullo is an initial transferee of the Post-Petition Transfer.

40. Accordingly, the Post-Petition Transfer is recoverable from Saccullo pursuant to 11 U.S.C. § 550(a)(1).

### COUNT V – RECOVERY OF THE POST-PETITION TRANSFER FROM NIKE PURSUANT TO 11 U.S.C. § 550(a)(1)

41. The Trustee incorporates all the preceding paragraphs of this Complaint by reference.

42. A transfer avoided under 11 U.S.C. § 549 is recoverable from an entity for whose benefit such transfer was made or any immediate or mediate transferee pursuant to 11 U.S.C. § 550(a)(1)-(2).

43. The Post-Petition Transfer is avoided pursuant to Count III.

44. Nike is the party for whose benefit the Post-Petition Payment was made and, upon information and belief, is the immediate or mediate transferee of the Post-Petition Transfer.

45. Accordingly, the Post-Petition Transfer is recoverable from Nike pursuant to 11 U.S.C. § 550(a).

**COUNT VI – DISALLOWANCE OF NIKE'S CLAIM PURSUANT TO 11 U.S.C. § 502(d)**

46. The Trustee incorporates all the preceding paragraphs of this Complaint by reference.

47. Pursuant to 11 U.S.C. § 502(d), if a creditor is liable: (i) for recovery of any property is recoverable under 11 U.S.C. §§ 542, 543, 550, or 553 or (ii) as a transferee of a transfer avoidable under 11 U.S.C. §§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a), the claims of such creditor are disallowed unless and until the liability to the debtor's estate is paid.

48. Pursuant to Count V, the Post-Petition Transfer is recoverable by the Trustee under 11 U.S.C. § 550(a)(1).

49. Nike received the Preferential Transfers which are avoidable under 11 U.S.C. § 547.

50. Pursuant to 11 U.S.C. § 502(d), if Nike is liable for the Post-Petition Transfer, then any claims held by Nike against the Debtor's Estate must be disallowed unless and until Nike pays the amount of the Post-Petition Transfers to the Trustee.

51. Pursuant to 11 U.S.C. § 502(d), if the Preferential Transfers are avoidable as preferences, then any claims held by Nike against the Debtor's Estate must be disallowed unless and until Nike pays the amount of the Preferential Transfers to the Trustee.

52. Nike has not returned or paid the value of the Post-Petition Transfer or the Preferential Transfers to the Trustee.

53. Accordingly, the Nike Claim should be disallowed.

**WHEREFORE**, the Trustee prays for judgment for Trustee:

- Against Nike disallowing Nike's secured claim on the Collateral;

- Against Nike disallowing the Nike Claim;

- Against Nike avoiding the Post-Petition Transfer;

- Against Saccullo requiring Saccullo to re-pay the Post-Petition Transfer to the Trustee, together with costs of suit incurred herein, including, without limitation, attorneys' fees, and pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law;

- Against Nike requiring Nike to re-pay the Post-Petition Transfer to the Trustee, together with costs of suit incurred herein, including, without limitation, attorneys' fees, and pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law;

- Against Nike determining that the Preferential Transfers are avoidable under 11 U.S.C. § 547;

- Against Nike disallowing the Nike Claim pursuant to 11 U.S.C. § 502(d); and

- For such other and further relief as the Bankruptcy Court may deem just and proper.

Respectfully submitted,

MANIER & HEROD, P.C.

/s/ Michael E. Collins
Michael E. Collins (admitted *pro hac vice*)
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
Tel: 615-244-0030
Fax: 615-242-4203
mcollins@manierherod.com

*Counsel for the Chapter 11 Trustee*

4886-9978-5279, v. 1